IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01506-PAB-MEH

SONJA MORRIS,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS d/b/a MEMORIAL HEALTH SYSTEM,

    Defendant.

## ORDER ON DEFENDANT'S MOTION TO COMPEL

Pending before the Court is Defendant's Motion to Compel Production of Medical Releases and for Sanctions [filed November 16, 2009; docket #24]. The matter is briefed and has been referred to this Court. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **denies** the Motion to Compel as premature.

**I.     Background**

Plaintiff filed this lawsuit claiming Defendant violated Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and her First Amendment right to petition for redress from sexual harassment suffered in the workplace, which caused her "pecuniary damages" and "severe emotional distress." *See* Complaint, docket #1. More specifically, the Plaintiff, a nurse, alleges that she suffered a hostile work environment when a doctor hit her on the back of the head twice and threw a bloody piece of body tissue at her during surgery; then, after she complained internally and served a notice of claim pursuant to the Colorado Governmental Immunity Act, the Plaintiff claims that she was improperly removed from the "Heart Team." *Id.* Defendant denies Plaintiff's claims.

Following the exchange of discovery requests, Defendant filed the within Motion to Compel seeking executed releases for Plaintiff's medical records regarding her claim for emotional distress

damages. *See* docket #24. Defendant argues that Plaintiff has put her psychological history at issue by making numerous and specific allegations regarding the emotional distress she claims to have suffered as a result of Defendant's conduct. *Id.* at 6. Plaintiff responds to the motion claiming that she will provide the medical records once she has possession of them, and that Rule 34 of the Federal Rules of Civil Procedure does not require production of medical records, since the records are not in the Plaintiff's possession, custody or control. *See* docket #27. Defendant replies arguing that Plaintiff's production of the medical records is insufficient, since such records may be incomplete depending upon which records the Plaintiff chooses to provide. *See* docket #35. Defendant seeks an award of attorney's fees for filing the motion.

**II.   Discussion**

In this Title VII case, federal privilege law controls, and no physician-patient privilege exists under federal law. *Whalen v. Roe*, 429 U.S. 589, 602 n.28 (1977) ("The physician-patient . . . privilege is unknown to the common law."); *see also Northwestern Memorial Hosp. v. Ashcroft*, 362 F.3d 923, 926 (7th Cir. 2004) (holding that HIPAA regulations do not create a federal physician-patient privilege). In the absence of a privilege, Plaintiff's medical records are governed by issues of relevance and confidentiality commonly addressed in civil lawsuits.

Here, there is no dispute about the relevance of the requested medical records. The Plaintiff states that she is willing to provide the records to Defendant once they come into her possession. Rule 26 permits discovery that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1) (2009). In addition, medical records fall within the scope of confidential documents under Fed. R. Civ. P. 26(c), which can be addressed through the entry of an appropriate protective order.[1] Thus, the only discussion remaining is whether compelling the

---

[1] The Court notes that it has entered a Protective Order in this matter regarding the exchange of confidential documents in this case.

executed authorization(s) requested by Defendant is the appropriate method of obtaining this discovery.

The Defendant argues that production of the medical records, once received by the Plaintiff, would be insufficient and contends that production of executed releases for the medical records would be a more efficient way to obtain relevant discoverable information. The Plaintiff's only challenge to Defendant's request is that she need not produce executed releases because Rule 34 does not require such production. Plaintiff cites *Neal v. Boulder*, 142 F.R.D. 325, 327 (D. Colo. 1992) for the proposition that there is no basis under Rule 34 allowing a court to compel the production of executed medical releases, since a plaintiff typically has no custody or control over the records.

A review of cases addressing whether a court may order production of executed medical releases reveals a split of authority. The first view primarily looks to the plain language of Rule 34 to conclude that records not in the party's possession may not be compelled and that Rule 34 does not permit the Court to order the party's signature on a medical release form. *See, e.g., Neal*, 142 F.R.D. at 327; *see also Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470, 472 (D. Nev. 1998). The second view generally permits an order compelling a signature on a release form when the party has placed his or her medical condition at issue in the case. *See Williams v. NPC Int'l, Inc.*, 224 F.R.D. 612, 613 (N.D. Miss. 2004); *see also Adams v. Ardcor*, 196 F.R.D. 339, 344 (E.D. Wis. 2000). However, even courts that compel authorizations from the plaintiff typically require the defendant first to seek the documents directly from the third party who has custody of the documents. *EEOC v. Thorman & Wright Corp.*, 243 F.R.D. 426, 429 (D. Kan. 2007)("It is only after the individuals or entities object on grounds of privilege or otherwise fail to produce the documents pursuant to subpoena that the Court will consider a motion requesting (1) the Court compel the entity to produce

the documents pursuant to Rule 45; or (2) compel the party to execute appropriate releases pursuant to the Court's general powers to enforce its own orders"); *see also Johnson v. Kraft Foods North Am., Inc.*, 236 F.R.D. 535, 540 (D. Kan. 2006) (same).

This Court has previously determined that authorization for the release of medical records should not be routinely compelled, even when it may be the most efficient manner for such discovery. *See Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, *2 (D. Colo. Apr. 14, 2008) (unpublished). In *Cutting*, the Court ordered the plaintiffs to provide executed authorizations for medical records, but only after determining that such method would be more efficient since the matter involved more than 90 medical providers. *Id.* Here, no such special circumstances exist. The briefing reveals that the Plaintiff has discussed her emotional health with only one medical provider. Docket #24 at 5; docket #24-2 at 8. Under these circumstances, the Court will follow the reasoning of *Neal*, *Thorman*, and *Johnson* and require the Defendant first to seek Plaintiff's medical records pursuant to Rule 45. If production of the records pursuant to subpoena is refused, the Court will then entertain a motion to compel the production of the requested medical records.

## III.    Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendant's Motion to Compel Production of Medical Releases and for Sanctions [filed November 16, 2009; docket #24] is **denied** at this stage of the litigation. In addition, Defendant's request for attorney's fees in this matter is denied.

Dated at Denver, Colorado, this 18th day of December, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge