IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01506-PAB-MEH

SONJA MORRIS,

    Plaintiff,

v.

CITY OF COLORADO SPRINGS d/b/a MEMORIAL HEALTH SYSTEM,

    Defendant.

---

**ORDER ON MOTION TO COMPEL**

---

Pending before the Court is Plaintiff's Motion to Compel [filed March 2, 2010; docket #46]. The matter is briefed and has been referred to this Court. The Court has determined that oral argument would not materially assist the Court in adjudicating this motion; therefore, the hearing scheduled for May 5, 2010, at 9:00 a.m. is **vacated**.

For the reasons stated below, the Court **grants** the Motion to Compel.

**I.    Background**

The nature of this lawsuit has been described by the Court in previous orders. In short, Plaintiff, a nurse, alleges that she suffered sexual harassment (hostile work environment) under Title VII when a surgeon, Dr. Mahan, hit her on the back of the head twice and threw a bloody piece of body tissue at her during surgery. Plaintiff sues the doctor's employer, Memorial Hospital, a unit of the City of Colorado Springs, Colorado. Defendant denies sexual harassment by its doctor.

In the present motion, Plaintiff seeks the following categories of information/ documents/access: (1) other complaints by females against Dr. Mahan; (2) work/overtime hours of nurses on the heart team (same team as Plaintiff) at Memorial; and (3) permission to inspect and photograph the operating room where at least one of the events underlying Plaintiff's claim

(throwing of human tissue) occurred.

**II.      Discussion**

A.      <u>Other Instances of Alleged Sexual Harassment by Dr. Mahan</u>

Plaintiff contends that information and documents concerning other allegations of sexual harassment made by females against Dr. Mahan are relevant, at the very least, to the issues of the *Faragher/Ellerth* affirmative defense, which requires the employer to establish reasonable care in preventing sexually harassing behavior. If, for example, Dr. Mahan had a known propensity to treat women differently than men, Defendant's use of this defense might be affected. Defendant relies primarily on *Wilson v. Muckala*, 303 F.3d 1207, 1217 (10th Cir. 2002) in asserting that other complaints against Dr. Mahan are irrelevant and not discoverable. The Tenth Circuit's opinion in *Wilson*, which dealt with the district court's decisions to exclude evidence *at trial*, actually supports the requested discovery here.

> [E]vidence of prior bad acts is admissible for purposes other than to show action in conformity with character. *Id.* Such purposes include, but are not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Id.* If offered for a proper purpose under Rule 404(b), the evidence of prior bad acts is admissible only if (1) it is relevant under Fed. R. Evid. 401; (2) the probative value of the evidence is not substantially outweighed by its potential for unfair prejudice under Fed.R.Evid. 403; and (3) the district court, upon request, instructs the jury to consider the evidence only for the purpose for which it was admitted. *Becker,* 230 F.3d at 1232.
>
> Evidence of a defendant's past sexual harassment admitted to prove discriminatory intent in cases of race and gender discrimination is admitted for a proper purpose under Rule 404(b). *Spulak v. K-Mart Corp.,* 894 F.2d 1150, 1156 (10th Cir.1990); *Heyne v. Caruso,* 69 F.3d 1475, 1479-80 (9th Cir.1995). But as noted in *Heyne,* alleged previous harassment cannot be used to show that a defendant harassed a plaintiff on a specific subsequent occasion.

*Wilson*, 303 F.3d at 1217. This establishes the necessity of discovery into past instances of alleged sexual harassment, so that the district judge at trial can make an informed decision on the *admissibility* of such evidence. The evidence of past harassment may be admissible for several purposes and not for others (and, indeed, the Tenth Circuit in *Wilson* upheld the district court's

2

exclusion of such evidence). Therefore, the Court will grant Plaintiff's request for information and documents concerning other allegations of sexual harassment made by females against Dr. Mahan. However, the Court does not believe Plaintiff has established the necessity of disclosure of the alleged victims' names. Defendant will be permitted to redact the identities of such persons unless and until Plaintiff shows a need for such identities.

B.  Time Records

Plaintiff alleges that she needs time records of other nurses who worked overtime in order to establish what her wage loss damages are. Defendant contends that it has produced records of other nurses' overtime but not their identities, which are not needed by Plaintiff, and disclosure of which would unduly intrude into the nurses' private information.[1] The Court believes that the information is potentially relevant or may lead to the discovery of admissible evidence; therefore, the Court will grant Plaintiff's request for the time records. However, the record production should, at this time, be pursuant to an attorney's-eyes-only condition.

C.  Inspection/Photography of Operating Room

The Court does not believe that photographs of the operating room are particularly relevant here, but it also does not agree that the request engenders prejudice or harm to Defendant. Plaintiff states that the layout of the room and the distance between Dr. Mahan and Plaintiff on that fateful day are important to her case. If the Plaintiff wants to use a photograph of the operating room, and if the district court permits it, so be it. However, the field trip to the operating room must occur at a time when no surgery is scheduled (which may only be early mornings or late evenings), and any representative of Plaintiff attending the trip must wear appropriate sterile clothing and germ protection. The Court cautions Plaintiff's counsel against abusing this Order.

---

[1] Employees of the hospital are, by the Court's understanding, public employees whose compensation may not be confidential in any event.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiff's Motion to Compel [filed March 2, 2010; docket #46] is **granted** as discussed herein.

Dated at Denver, Colorado, this 23rd day of April, 2010.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge